KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

STEPHEN H. JIGGER (CSBN 219430)
BARBARA BRENNAN SILANO (MASSBAR 055540)
Assistant United States Attorneys

450 Golden Gate Avenue
San Francisco, Ca. 94102
Tel: (415) 436-7223/6831
steve.jigger@usdoj.gov
Barbara.Silano@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-06-0316 MHP |
| ) | |
| Plaintiff, ) | |
| ) | ORDER OF DETENTION |
| v. ) | |
| ) | |
| CRAIG HUNTER, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

## I. **INTRODUCTION**

A detention hearing in the above captioned case for Defendant Craig Hunter was conducted on July 17, 2006. The Court has carefully considered the proffers of the government and Defendant's counsel and the pre-trial services report. The Court finds by a preponderance of the evidence that Defendant poses a risk of flight and also finds by a clear and convincing standard that Defendant poses a danger to the community. The Court finds, for the reasons set forth below that there are no conditions, or combinations of conditions which could be fashioned

DETENTION ORDER - CRAIG HUNTER
CR-06-0316 MHP

1

in order to assure the appearance of Defendant for trial and assure the safety of the community if he is released. Therefore, for the reasons set forth herein, the Court orders that Defendant be detained.

## II. FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142

### 1. Charges and Rebuttable Presumption

On May 2, 2006, the Grand Jury for the Northern District of California returned an indictment charging Defendant Craig Hunter and eighteen others with conspiracy to distribute methamphetamine and cocaine in violation of Title 21 U.S.C. § 846. The indictment also charges Defendant Hunter with one substantive counts of distribution of methamphetamine in violation of Title 21 U.S.C. § 841(a)(1). The conspiracy count and the substantive counts carry a minimum mandatory sentence of 10 years to life in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. *See* 18 U.S.C. §3142 (e).

### 2. Defendant's Criminal History While on Court Supervision

Defendant Hunter's criminal record establishes that he has repeatedly engaged in criminal conduct while under a court form of supervision. Defendant Hunter was arrested for Inflicting Corporal Injury on April 12, 1996.[1] He was later convicted on July 6, 1998. However, while the case was pending, he was arrested for speeding, driving with a suspended license and false personification of another in Sacramento, California on September 10, 1996. In January of 1998 he was convicted and placed on three years of probation and given 27 days consecutive to the other case. Just under one month after his arrest for false personification, he was arrested on October 5, 1996 for carrying a concealed weapon and loaded firearm in a public place. He was convicted on February 26, 1997 for false identification to a police officer and driving with a suspended license in February of 1997 and placed on three years of probation.

---

[1] Defendant Hunter's criminal record includes more than one disposition to juvenile hall and that he was committed to California Youth Authority in 1990 and 1993.

DETENTION ORDER - CRAIG HUNTER
CR-06-0316 MHP

2

On October 23, 2002, he was convicted of a felony for selling/furnishing marijuana and given ninety days in jail, and five years of probation. In approximately six months, he was arrested again for vandalism, convicted on November 24, 2003 and sentenced to three years of probation and two days in jail. *Eleven days later*, Defendant Hunter was arrested in Sacramento for Transportation and Sale of a Controlled Substance and was subsequently convicted and sentenced to three years in prison. The pre-trial services report also reflects that a restraining order/protective order was issued against Defendant by Sacramento Superior Court on January 31, 2005.

According to the proffer made by the government, Defendant Hunter was intercepted pursuant to Court authorized electronic surveillance engaging in the continued sales of five pounds of methamphetamine while simultaneously on probation for his October 2003 conviction, his November 2003 conviction and while on parole from his felony conviction in 2005. His past conduct has failed to demonstrate that he is amenable to court supervision.

### 3. **Defendant's Employment, Ties, and Proposed Sureties**

Defendant has no employment and assets of $60.00 with $2000.00 in parking tickets. Defendant's family was present for the bail hearing and, while no real property was proposed to secure Defendant's release, the Court notes that Defendant's family support is a positive factor in the court's evaluation.

## III. LEGAL AUTHORITY TO DETAIN THE DEFENDANTS

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more. 18 U.S.C. §3142 (e). Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted. *United States v. Cook*, 880 F. 2d 1158, 1162 (10th Cir. 1989). However, the presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. *Id.*

DETENTION ORDER - CRAIG HUNTER
CR-06-0316 MHP

3

The potential sentences in this case far exceed those sufficient to trigger a presumption and place an enormous incentive on the defendants to flee. In the matter before this court, Defendant faces a maximum of life in prison, and a minimum mandatory term of imprisonment of ten years. In the case of Defendant Hunter, who has two prior drug felonies, his exposure is a possible mandatory life sentence. As for the rebuttable presumption of danger, 18 U.S.C. § 3142(f)(1), identifies those types of crimes in which "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). *See United States v. Salerno*, 481 U.S. 739, 750 (1987) ("The act operates only on individuals who have been arrested for a specific category of extremely serious offenses . . . . Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest.") (citation omitted); S.Rep. No. 98-225, pp. 6-7 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3189; *United States v. Koon*, 6 F.3d 561, 566 (9th Cir. 1993) (justifying the presumption of dangerousness in 18 U.S.C. § 3142(f)(1) because "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons").

The judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F. 2d 1403, 1407 (9th Cir. 1985), *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." *United States v. Townsend*, 897 F. 2d 989, 993-94 (9th Cir. 1990).

The judicial officer may also detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the Court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity.

*United States v. Salerno*, 481 U.S. 739 (1987).

In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

Ultimately, the government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Gebro*, 948 F. 2d 1118, 1120 (9th Cir. 1991); *United States v. Motamedi*, 767 F. 23d 1403, 1405 (9th Cir. 1985).

As noted above, Defendant Hunter's repeated record of engaging in criminal activity while on court supervised release is overwhelming. He has suffered 15 arrests, four felony convictions and four misdemeanor convictions. Despite the support of his wife and sister at the hearing, the Court finds that no conditions or combination of condition it could fashion would assure Defendant's appearance for trial or reasonably guarantee the safety of the community if he were released.

**IV.      CONCLUSION**

The Court therefore orders that Defendant be detained.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

    (1) Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

DETENTION ORDER - CRAIG HUNTER
CR-06-0316 MHP

5

|  |  |
|---|---|
| 1 | (3) on order of a court of the United States or on request of an attorney for the |
| 2 | government, the person in charge of the corrections facility in which Defendant is |
| 3 | confined shall deliver the defendant to an authorized Deputy United States |
| 4 | Marshal for the purpose of any appearance in connection with a court proceeding. |

IT IS SO ORDERED.

Dated: August 1, 2006

_____
EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE